UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.                                                  **DECISION AND ORDER**

JEREMY CURTISS,                                     6:18-CR-06064 EAW

                    Defendant.

_____

## I.   INTRODUCTION

Pending before the Court is a motion filed by defendant Jeremy Curtiss (hereinafter "Defendant") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Dkt. 55).  For the reasons set forth below, Defendant's motion is denied.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On November 23, 2016, Defendant was charged by criminal complaint with conspiring to manufacture, distribute, or possess, with intent to distribute, a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846.  (Dkt. 1).  On May 22, 2018, Defendant appeared before the undersigned and pleaded guilty pursuant to a plea agreement to a one-count information charging conspiracy to possess with intent to distribute, and to distribute, 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846.  (Dkt. 32; Dkt. 33; Dkt. 34; Dkt. 35).  On October 10, 2018, after calculating an offense level of 29 and a criminal history category of I under the Sentencing Guidelines, the undersigned sentenced Defendant to a below-Guidelines sentence of 60 months in prison, to be followed by five years supervised release.  (Dkt. 48; Dkt. 49; Dkt. 50).

Defendant is currently housed at Federal Correctional Institution Lompoc ("FCI Lompoc") in California, and he is scheduled to be released on March 14, 2021. *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 14, 2020). According to Defendant, he is scheduled to be released to a halfway house in less than four months. (Dkt. 55 at 3).

On May 20, 2020, Defendant filed the pending motion for compassionate release. (Dkt. 55). Defendant contends that his request for release is justified by, among other reasons: the COVID-19 pandemic,[1] his medical history, and the deplorable conditions at FCI Lompoc which has seen one of the worst outbreaks of COVID-19 within the Bureau of Prisons ("BOP"). (*Id.*). FCI Lompoc is "among the worst coronavirus hotspots in the nation." *United States v. Robinson*, No. 18-cr-00597, __ F. Supp. 3d __, 2020 WL 1982872, at *1 (N.D. Cal. Apr. 27, 2020). As of June 14, 2020, FCI Lompoc had the highest number of inmates who had contracted COVID-19 of any BOP facility, although all but three of the 887 COVID-positive inmates had allegedly recovered from the disease. *See COVID-19: Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/ coronavirus/ (last visited June 14, 2020).

---

[1]     On March 13, 2020, the President declared a National Emergency concerning COVID-19. Proclamation No. 9994, 85 Fed. Reg. 15337 (Mar. 13, 2020). According to the World Health Organization's website, as of June 14, 2020, there were 7,690,708 confirmed cases of COVID-19 worldwide, with 427,630 confirmed deaths. *See WHO Coronavirus Disease (COVID-19) Dashboard*, World Health Org., https://covid19.who.int/ (last visited June 14, 2020).

The Government filed is response in opposition on June 3, 2020, and disclosed that Defendant tested positive for COVID-19 on May 1, 2020, but he appeared to recover from the disease as of May 20, 2020.  (Dkt. 58 at 8).  As a result, the Government contends that Defendant has failed to establish extraordinary and compelling reasons for a reduction in his sentence.  The Government further argues that FCI Lompoc "in accordance with BOP directive, has taken great care to protect its prisoners."  (*Id*. at 11-13).  The Government also contends that consideration of the factors set forth at 18 U.S.C. § 3553(a) mandates against Defendant's motion, citing to his offense conduct, lack of a release plan, and lack of family support.  (*Id*. at 14).

At the Court's request, Defendant filed a reply memorandum on June 8, 2020, confirming that Defendant tested positive for SARS-CoV-2 (the virus that causes the COVID-19 disease), and while he appears to have recovered, "that is no guarantee that he will not become reinfected and suffer a worse outcome."  (Dkt. 63 at 1).  Defendant also contends that the Government's assertion about the "great care" undertaken by FCI Lompoc is "ludicrous," and in fact, almost every inmate within the prison became infected by the virus.  (*Id*. at 2).

The United States Probation Office ("USPO") also submitted a memorandum to the Court on June 2, 2020, in connection with Defendant's motion.  (Dkt. 60).

## III.    LEGAL STANDARD AND ANALYSIS

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute."  *United States v. Gotti*, __ F. Supp. 3d __, No. 02 CR 743-07 (CM),

2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020).  The compassionate release statute, as

amended by the First Step Act, is such a statutory exception, and provides as follows:

> The court may not modify a term of imprisonment once it has been imposed
> except that . . . the court, upon motion of the Director of the Bureau of
> Prisons, or upon motion of the defendant after the defendant has fully
> exhausted all administrative rights to appeal a failure of the Bureau of Prisons
> to bring a motion on the defendant's behalf or the lapse of 30 days from the
> receipt of such a request by the warden of the defendant's facility, whichever
> is earlier, may reduce the term of imprisonment (and may impose a term of
> probation or supervised release with or without conditions that does not
> exceed the unserved portion of the original term of imprisonment), after
> considering the factors set forth in section 3553(a) to the extent that they are
> applicable, if it finds that . . . extraordinary and compelling reasons warrant
> such a reduction . . . and that such a reduction is consistent with applicable
> policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).  Relief is appropriate pursuant to § 3582(c)(1)(A) when the

following conditions are met: (1) the exhaustion requirement of the statute is satisfied;

(2) extraordinary and compelling reasons warrant a reduction of the prison sentence; (3) the

factors set forth at 18 U.S.C. § 3553(a) support modification of the prison term; and (4) the

reduction in the prison sentence is consistent with the Sentencing Commission's policy

statements.

The Government does not oppose Defendant's application on exhaustion grounds,

as it agrees that Defendant filed a request with the Warden at FCI Lompoc on March 27,

2020, and more than 30 days elapsed since the Warden's receipt of that request (which was

denied).  (Dkt. 58 at 4); *see also United States v. Wen*, __ F. Supp. 3d __, No. 6:17-CR-

06173 EAW, 2020 WL 1845104, at *4-5 (W.D.N.Y. Apr. 13, 2020) (as a claim-processing

rule, § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional and thus subject to the

doctrines of waiver and equitable estoppel).  Thus, the exhaustion requirements of the statute do not operate to bar the Court's consideration of the motion.

However, the Court agrees with the Government that Defendant has failed to establish extraordinary and compelling reasons justifying the grant of his motion.  While Defendant's medical conditions appear serious and present a heightened risk for serious illness from COVID-19, *see Frequently Asked Questions: Higher Risk*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/faq.html#Higher-Risk (last visited June 14, 2020), the reality is that he contracted the virus and appears to have recovered.  The Court recognizes that much is unknown about COVID-19, and it does not discount Defendant's argument that just because he contracted the disease does not mean that he may not become sick again.  However, the fact that, as Defendant contends, there is "no guarantee that he will not become reinfected and suffer a worse outcome" (Dkt. 63 at 1), does not mean that extraordinary and compelling circumstances justify a reduction in his prison sentence.

The Court is compelled to note that it agrees with Defendant that, under the circumstances, where almost every inmate at FCI Lompoc was infected by the virus, it is stunning that the Government seriously argues that the BOP has taken "great care" to protect the inmates at that facility.  The Government's unwillingness to acknowledge the failures at FCI Lompoc undermines the credibility of its position that the BOP is taking appropriate steps to protect against the spread of this virus within its inmate populations. The reality is that the BOP has been successful at some facilities, but horribly unsuccessful at others, such as FCI Lompoc.

- 5 -

But still, FCI Lompoc's failures do not mean that Defendant's prison sentence should be reduced. Under the circumstances, where Defendant unfortunately contracted the disease, but fortunately recovered, he has not demonstrated extraordinary and compelling reasons to reduce his prison sentence.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. 55) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:      June 15, 2020
            Rochester, New York