UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                v.

JEREMY CURTISS,

                Defendant.
_____

**DECISION AND ORDER**

6:18-CR-06064 EAW

Currently pending before the undersigned is a *pro se* motion filed by defendant Jeremy Curtiss ("Defendant") for early termination of supervised release pursuant to 18 U.S.C. § 3583(e).  (Dkt. 65; *see also* Dkt. 67).

Defendant was sentenced by the undersigned on October 10, 2018, to a 60 month prison sentence with five years of supervised release to follow, based on his conviction for conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.  (Dkt. 49).  According to a memorandum submitted by the United States Probation Office ("USPO") in response to the pending motion, Defendant commenced his supervised release term on March 12, 2021.  (Dkt. 69 at 1).  The USPO reports that Defendant struggled with substance abuse issues from the onset of his supervised release term, but during the past year he has remained abstinent and he appears to be doing well.  (*Id.* at 1-2).  Nonetheless, given his past history the USPO objects to early termination of supervised release.  (*Id.* at 2).  The United States Attorney's Office also objects to early termination.  (Dkt. 68).

Section 3583(e)(1) of Title 18 of the United States Code states, in relevant part, as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. . . .

Here, Defendant has served the necessary time on supervised release to qualify for an early termination. However, the circumstances do not justify granting early termination. While Defendant has made significant progress while under supervision and appears to be doing quite well, by his own admission he has struggled during his period of supervised release and the USPO has played a critical role in helping Defendant find the resources necessary to get back on track. (*See* Dkt. 65). The Court is encouraged by the progress that Defendant has made, and indeed commends him for the positive steps that he has taken (including maintaining consistent employment over the past three years). But given the nature and circumstances of Defendant's offense, his history and characteristics, as well as the need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from any further crimes that Defendant may commit, the Court concludes that granting Defendant's request for early termination of supervised release at this time would be inappropriate and inconsistent with the interest of justice.

- 3 -

Accordingly, Defendant's motion for early termination of supervised release (Dkt. 65) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     December 5, 2023
           Rochester, New York